STANG HYMAN et al., complainants,

*v.*

BLUME LEWINE et al., defendants.

[Submitted October 31st, 1924. Determined November 5th, 1924.]

**Judicial Sales—Title Vests at Time of Delivery of Deed—Time Intervening Between Sale and Delivery of Deed, Property is Held in Trust for Purchaser—Income During Interim, Collected by Purchaser, Must Be Accounter For.**

On bill for partition.

*Messrs. Bourgeois & Coulomb,* for the complainants.

*Messrs. Cole & Cole,* for the defendants.

INGERSOLL, V. C.

This is on bill for partition.

The complainant Stang Hyman and the defendant Blume Lewine were each seized of an equal undivided one-half part of the land and premises described in the bill. On August 30th, 1922, Emerson L. Richards, a special master of this court, sold by virtue of a decree for sale the lands and premises therein described to one Ezra Lewine.

The conditions of sale signed by the purchaser were as follows:

"1. The property will be sold to the highest bidder [subject to confirmation by the court].

"2. Fifteen per cent. [15%] of the purchase-money shall be paid when the property offered is struck off, in default whereof it may be put up again and sold immediately.

"3. The balance of the purchase-money shall be paid within five [5] days after the said sale shall have been confirmed, at the office of Emerson Richards, 517 Guarantee Trust Building, Atlantic City, New Jersey.

"4. The deed will be delivered at the above time upon compliance by the purchaser with these conditions.

"5. The purchaser will be held bound by the purchase whether he attends to receive the deed and comply with the conditions of sale or not. If he does not so comply with them, the property may be again advertised and sold, or the purchaser may be liable for his bid, at the option of the special master or by the order of the court. In case of resale at a less price than the former bid, with interest and expenses, the former purchaser will be held liable for the deficiency, to meet which the money paid by him shall be retained and applied by the special master."

The purchaser, Ezra Lewine, as agent for the parties, had collected rents accruing before the sale, and continued collecting the same after the date of the sale.

Application is now made for an accounting of the rents collected prior to the date of the deed. He tenders himself ready to account for all rents collected prior to the date of the sale, and counsel relies upon the principle.

The sheriff's deed when delivered has relation back to the time of the sale of which it is the consummation. *Carpenter* v. *Shanley, 75 N. J. Eq. 369,* and cases therein cited.

The petitioner relies upon *Thompson* v. *Ramsey, 72 N. J. Eq. 457,* which held "that Carr [the purchaser] was not entitled to any part of the rents attributable to the real estate mortgaged until after he had performed the conditions of sale and accepted the sheriff's deed."

It is insisted that these cases are irreconcilable.

Not so.

Vice-Chancellor Garrison in *Cropper* v. *Brown, 76 N. J. Eq. 406,* after a discussion of the facts and the law applying thereto (on *p. 418*), proceeds to say:

"In my view, therefore, the correct rule to be applied in our jurisdiction is that the purchaser at a judicial sale enters into a contract with the officer to which the same principles should be applied, which are applicable to a similar contract between private parties voluntarily entered into. And the fact that by the terms of the contract the purchaser is not entitled to possession until a future date does not in any way alter the legal or equitable rights of the parties.

"The legal title does not vest in the purchaser until the delivery of the deed, but, in the meantime, it is held in trust for him. Since he has stipulated that he is not to receive possession until a future date, namely, the time when the deed is to be delivered to him, he is not entitled to the fruits of possession, which are the current avails of the land. There are numerous cases, which I shall not stop to cite, which hold that until he is entitled to possession he is not entitled to such avails. But excepting with respect to the time when he is entitled to possession and the fruits of possession, the contract vests the beneficial ownership of the property in such purchaser, and any increase of value or decrease therein inures to him.

"In other jurisdiction the rule is, in some, as above stated, and in others, otherwise by reason of their statutes, and in

some it is otherwise by reason of the different view which the court in question takes of the situation arising out of a judicial sale."

The conditions of sale in that case specified for the payment of the balance of the purchase price on a specified date, and deed to be delivered upon compliance with the conditions. In the present case the balance of the purchase-money to be paid within five days after the confirmation of the sale, and the deed to be delivered upon compliance with the conditions.

The sale was confirmed by order dated October 16th, 1922, and the balance of the purchase price paid and deed delivered on October 26th, 1922.

I am therefore of the opinion that Lewine must account for the rents collected up to the date of the delivery of the deed, October 26th, 1922.